

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**

**AUSTIN**

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. A. Davis
State Registrar
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. 0-5103-A
Re: Authority of the county
court to order the issu-
ance of a certified copy
of the birth record of a
person of illegitimate
birth.

You have requested of this department a review of
our Opinion No. 0-5103, and specific instruction as to how
to proceed in the issuance of certified copies of birth
records of persons of illegitimate birth, stating that in
the past you have issued such certified copies when ordered
to do so by a county judge.

The question presented involves a determination
of the jurisdiction of the county court.

In our opinion No. 0-5103, we considered the ques-
tion of what is a "court of competent jurisdiction," under
paragraph No. 25 of Rule 47a, Article 4477, Vernon's Revised
Civil Statutes, which forbids the issuance of a certified
copy of any birth or death certificate wherein a child or an
adult is stated to be illegitimate, "unless such certified
copy is ordered by a court of competent jurisdiction."
Neither Article 4477, nor any other provision of the Consti-
tution or statutes, confers upon any court specific jurisdic-
tion to order the issuance of such certified copies, but un-
der Section 8 of Article V of the Constitution of Texas, which
provides that the district court "shall have general original
jurisdiction over all causes of action whatever for which a
remedy or jurisdiction is not provided by law or this Consti-
tution," we held that the district court has jurisdiction to
order the issuance of such certified copies.

Honorable W. A. Davis, page 2

In your letter requesting this opinion you point out that, whereas the above mentioned prohibition against the issuance of certified copies of birth records of illegitimates, which was contained in the original Vital Statistics Act of 1927, is still retained, yet later amendments authorize the judge of the probate court to accept and approve the record of any birth or death not previously registered, and authorize registrars to issue certified copies of birth or death certificates, without in either case making a distinction between legitimate and illegitimate birth. But this does not mean that the prohibitory provision has been repealed by implication. The rule is stated thus in 39 Texas Jurisprudence, 212-213:

"In case of conflict between a general provision and a special provision dealing with the same subject, the former is controlled or limited by the latter; and this is so whether the provisions in question are contained in the same act or in different enactments. In other words, when a statute makes a general provision apparently for all cases and a special provision for a particular case or class, the former yeilds and the latter prevails in so far as the particular case or class is concerned. In such circumstances, the special provision or statute is regarded as though it were an exception or proviso, removing something from the operation of the general law."

Section 16 of Article V of the Texas Constitution prescribes the constitutional jurisdiction of the county court, including "the general jurisdiction of a Probate Court." But we know of no law bringing the issuance of a certified copy of a birth certificate, of itself, within the general jurisdiction of a probate court.

Section 22 of Article V of the Constitution declares:

"The Legislature shall have power, by local or general law, to increase, diminish or change the civil and criminal jurisdiction of county courts; and in cases of any such change of jurisdiction, the Legislature shall also conform the jurisdiction of the other courts to such change."

Under this constitutional provision, a statute conferring original jurisdiction on county courts of Deaf Smith County in civil cases where the amount in controversy was $200.00 or less was held constitutional. Campsey v. Brumley, (Comm. App.) 55 S. W. (2d) 810.

In the case of Jones v. Missouri-Kansas-Texas Railroad Company of Texas, 14 S. W. (2d) 357, the Dallas Court of Civil Appeals said:

"Article 1956 (1771) (1169), R. S. 1925, reads: 'Subject to the limitation stated in this chapter (jurisdictional limitation), the county court is authorized to hear and determine any cause which is cognizable by courts, either of law or equity, and to grant any relief which could be granted by said courts, or either of them.'

"It follows therefore that, county courts may exercise the power of both law and equity courts in the trial of any cause over which they are given jurisdiction, including, of course, a condemnation proceeding, which is to be tried and determined as any other civil cause."

But it is noted that in both of the cases above cited, the county court had jurisdiction of the subject matter of the cause involved by reason of a specific constitutional or statutory enactment. The county court, along with the justice court, has but limited jurisdiction in this State. Jaco v. W. A. Nash Company, 269 S. W. 1089; R. O. Kipp Company v. Anglin, 270 S. W. 893. And we do not believe that the provisions of Article 1956, supra, are applicable to any cause over which the county court is not given jurisdiction by specific statutory or constitutional provisions.

It is therefore our opinion that the county court is not a court of competent jurisdiction to order the issuance of a certified copy of a birth certificate of an illegitimate person, and hence, that the State Registrar is without authority to issue such certified copy upon the order of the county court.

APPROVED APR 15, 1943

ATTORNEY GENERAL OF TEXAS

WRA:db

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. R. Allen
    W. R. Allen
    Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN